IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

**MANUEL ALEXANDRA
PERALTA- MORALES,**

      Appellant,

v.

**STATE OF FLORIDA,**

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3180

Opinion filed July 30, 2014.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

Nancy A. Daniels, Public Defender, and Maria Ines Suber, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Lauren L. Brudnicki, Assistant Attorney
General, Tallahassee, for Appellee.

SWANSON, J.

In this appeal from his conviction and sentence for lewd and lascivious

molestation of his six-year-old daughter, appellant claims the trial court abused its

discretion by (1) admitting collateral crime evidence over appellant's objection;

and (2) denying appellant's motion for mistrial based on repeated references to inadmissible child hearsay during trial. We affirm the denial of appellant's motion for mistrial without further discussion. We also affirm the admission of the collateral crime evidence for the reasons that follow.

During the state's case-in-chief, the victim testified that she and her younger sister, who lived in Kentucky with their mother and stepfather, traveled to Florida to visit their father, appellant, in the summer. During this visit, the victim claimed appellant touched her "middle part" under her pants with his hands and then put his "middle part" inside her.

The state then called the lead detective who had conducted a recorded interview with appellant, which was played for the jury after the trial court gave a limiting instruction. During the interview, appellant claimed that before divorcing the children's mother, his wife performed oral sex on the victim and asked appellant to do the same while the three of them were taking a shower. Appellant also indicated that while he and his wife were having sex, the victim's three-year-old sister came into their bedroom, jumped on top of his wife, and started "humping." Appellant admitted touching the child's buttocks. Later during the interview, appellant admitted touching the victim's vagina and the victim touching his penis a few times while he was still married to the children's mother.

On appeal, appellant claims the trial court abused its discretion in admitting the collateral crime evidence, over his objection, because it was not relevant, similar, or proven by clear and convincing evidence. The collateral crime evidence consisted of appellant's own statement to law enforcement. Statements made by a defendant either before or after the crime charged, even when they show the commission of separate crimes or wrongs or cast the defendant's character in a bad light, are admissible if relevant to prove a material fact in issue. Hoefert v. State, 617 So. 2d 1046, 1050 (Fla. 1993); Swafford v. State, 533 So. 2d 270, 275 (Fla. 1988). Under section 90.404(2)(b)1., Florida Statutes (2010), "[i]n a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."

Contrary to appellant's assertion, his admission to collateral crimes was relevant, even if it was highly implausible, because it showed appellant's consciousness of guilt. See Delacruz v. State, 734 So. 2d 1116, 1122 (Fla. 1st DCA 1999) (observing that defendant's statement admitting that he could have accidently touched the child's vagina "a lot of times" when playing with her was admissible as an admission by a party-opponent because a trier-of-fact could conclude that defendant's explanation that the touchings were accidental was so

3

inherently implausible in light of other circumstances that it demonstrated a consciousness of guilt). Thus, the admissibility of appellant's statement did not hinge on whether the collateral crimes were proven by clear and convincing evidence.

Although section 90.404(2)(b) "broadly provides that evidence of the defendant's commission of other acts of child molestation is admissible regardless of whether the charged and collateral offenses occurred in the familial context or whether they share any similarity," such evidence "remains subject to weighing under section 90.403," which requires the court to assess "whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice." McLean v. State, 934 So. 2d 1248, 1259 (Fla. 2006). In making this determination, the court should consider all relevant factors including (1) the similarity of the prior acts to the act charged regarding the location where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances. Id. The court also must ensure that the evidence will not become "a feature of the trial" or "confuse or mislead the jurors" and give an appropriate cautionary instruction if it is requested. Id.

Although there were dissimilarities in the manner in which the collateral and charged acts of molestation were committed, they were all committed in appellant's home against appellant's biological daughters when they were young children. Moreover, the collateral acts of molestation were committed approximately two years before the charged offense, which could be explained by the intervening circumstance of appellant's divorce from the children's mother. Finally, the trial court provided an appropriate cautionary instruction, and the collateral crime evidence did not become a feature of the trial. Based on the above, the trial court did not abuse its discretion in admitting the collateral crime evidence.

AFFIRMED.

VAN NORTWICK and CLARK, JJ., CONCUR.