DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

STATE OF FLORIDA,

Petitioner,

v.

LOGAN RYAN RIGGLEMAN,

Respondent.

No. 2D2024-0691
———————————————

November 22, 2024

Petition for Writ of Certiorari to the Circuit Court for Sarasota County;
Thomas W. Krug, Judge.

Ashley Moody, Attorney General, Tallahassee, and William C. Shelhart,
Assistant Attorney General, Tampa, for Petitioner.

Larry L. Eger, Public Defender, and Marc Richard Gilman, Assistant
Public Defender, Sarasota, for Respondent.


SILBERMAN, Judge.

The State seeks certiorari review of a pretrial order denying its

request to present *Williams*[1] rule evidence in its prosecution against

Logan Ryan Riggleman for lewd or lascivious molestation. We conclude

that the circuit court departed from the essential requirements of the law

by applying a standard that did not conform to the requirements of

———————————————

[1] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

sections 90.403 and 90.404(2)(b), Florida Statutes (2020). This would result in the State suffering irreparable injury by depriving the State of evidence that would corroborate the victim's testimony. Accordingly, we grant the petition.

## I. PROCEDURAL BACKGROUND

The State alleged that between June 21 and July 13, 2020, Mr. Riggleman committed lewd or lascivious molestation on his four-year-old biological son by "hugging" and squeezing the victim's penis and touching his testicles. Pursuant to section 90.404(2)(b), the State filed an amended notice of its intent to introduce evidence of other crimes, wrongs, or acts of child molestation committed by Mr. Riggleman. The prior acts involve Mr. Riggleman's biological daughter and occurred when she was ten to twelve years old. He was accused of touching her breasts, vagina, buttocks, and thighs. The abuse of the daughter ended when she moved away from her father in 2020, which is the year in which Mr. Riggleman is accused of then abusing his son.[2]

Following an evidentiary hearing, the circuit court entered the subject order precluding the admissibility of this evidence. The circuit court noted that there was a "relaxed standard for this type of evidence to be admitted in the context of a familial setting, as is involved in this case." Citing to this court's opinion in *State v. Lincoln*, 279 So. 3d 854 (Fla. 2d DCA 2019), the circuit court stated that while the charged allegations and the similar fact allegations no longer have to be "strikingly similar," the similarities and differences between the allegations must be considered. The circuit court found that the prior

---

[2] It is not clear from the record when the daughter moved out of the home and whether this coincided with the beginning of the alleged abuse of the son.

act of child molestation was not admissible because it was too irrelevant to the present charge.

## II.  JURISDICTION

The State's request for certiorari relief from a pretrial ruling will be granted if the State can establish that the pretrial order "constitutes a departure from the essential requirements of the law from which the State may suffer irreparable injury."  *Lincoln*, 279 So. 3d at 860 (quoting *State v. Richman*, 861 So. 2d 1195, 1197 (Fla. 2d DCA 2003)).  "In other words, the State must establish that the ruling violated clearly established law and would cause material injustice."  *Id.* (first citing *Richman*, 861 So. 2d at 1197; and then citing *State v. Gates*, 826 So. 2d 1064, 1066 (Fla. 2d DCA 2002)).

## III.  ANALYSIS

A.  Section 90.404's Relevance Requirement

When a "defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."  § 90.404(2)(b)1. Pursuant to the statute's plain language a "defendant's commission of other acts of child molestation is admissible regardless of whether the charged and collateral offenses occurred in the familial context or whether they share any similarity."  *McLean v. State*, 934 So. 2d 1248, 1259 (Fla. 2006).  "Relevant evidence is evidence tending to prove or disprove a material fact."  § 90.401.  In child molestation cases, evidence of other acts of molestation are often relevant to corroborate the alleged victim's testimony.  *McLean*, 934 So. 2d at 1262-63.

At the end of the hearing in the present case, the circuit court ruled that the evidence was inadmissible based on the differences between the

charged and collateral offenses.  The court did not make a finding regarding whether the evidence was relevant pursuant to section 90.404(2)(b)1.  However, the order denying the State's motion, which was prepared by defense counsel, states that the differences in the accusations cause the allegations involving the daughter to not be relevant "for their stated purpose under *90.403*."  (Emphasis added.) This was improper because the circuit court was required to consider the relevancy of the allegations under section 90.404 before conducting a section 90.403 balancing test.  By failing to conduct a relevancy analysis under section 90.404, the circuit court departed from the essential requirements of the law.

Pursuant to section 90.404(2), evidence of other acts of molestation are admissible when they bear on any matter to which they are relevant, including proof of motive, opportunity, and intent.  The circuit court was required to conduct a relevancy analysis under section 90.404 to determine whether the evidence that Mr. Riggleman molested his biological daughter would tend to corroborate the allegations that he molested his biological son.  Instead, the circuit court appears to have focused solely on the whether the acts were similar.  "However, the number of similarities is not as important as the nature of the similarities in comparison to the purpose in admitting the evidence because, even under the general *Williams* rule standard, similarity is only a way of showing relevance."  *Easterly v. State*, 22 So. 3d 807, 815 (Fla. 1st DCA 2009).

B.  Section 90.403's Probative Value and Unfair Prejudice Determination

When *Williams* rule evidence is relevant, a circuit court must still determine "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or

4

needless presentation of cumulative evidence." § 90.403.  In *McLean*, the supreme court listed four factors that should be evaluated in determining whether the probative value of evidence of other child molestations is substantially outweighed by the danger of unfair prejudice:

> (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances.

934 So. 2d at 1262.  The supreme court noted that this is not an exclusive list and that "trial courts should also consider other factors unique to the case."  *Id.*

In the present case, the circuit court departed from the essential requirements of the law by failing to conduct the balancing test required by section 90.403 to determine whether the probative value of the collateral evidence was substantially outweighed by the danger of unfair prejudice.  Despite acknowledging section 90.403's balancing test, the circuit court made no findings as to the probative value of the prior act evidence and made no findings regarding the danger of its unfair prejudice.

Further, the circuit court failed to address the *McLean* factors.  As to the first factor, the abuse of both victims occurred in the home they shared with Mr. Riggleman, and both victims allege that they were touched by Mr. Riggleman in a sexual nature.[3]  Although the age and gender of the victims differ, both victims were the biological children of

---

[3] Although the circuit court noted that the son alleged Mr. Riggleman sometimes took pictures of the abuse and, on at least one occasion, two other people were present, the son also indicated that there were times when no one else was present when the inappropriate touching occurred.

Mr. Riggleman. *See Peralta-Morales v. State*, 143 So. 3d 483, 486 (Fla. 1st DCA 2014) (finding no abuse of discretion in admitting collateral crime evidence where, "[a]lthough there were dissimilarities in the manner in which the collateral and charged acts of molestation were committed, they were all committed in appellant's home against appellant's biological daughters when they were young children"); *Donton v. State*, 1 So. 3d 1092, 1097-98 (Fla. 1st DCA 2009) (finding no abuse of discretion in the admission of collateral crime evidence where victims were different genders and ages, but the difference between the victims was simply a matter of the appellant having easy access to them).

Regarding the closeness in time of the prior act to the act charged, both acts occurred during the first seven months of 2020. Both victims also stated that the abuse occurred on multiple occasions. Finally, the only possible intervening circumstance that occurred between the abuse of the daughter and the abuse of the son is the daughter's departure from the home.

## IV.  CONCLUSION

We grant the State's petition for writ of certiorari and quash the order denying the State's amended request to introduce evidence of other crimes, wrongs, or acts of child molestation.

Petition granted.

CASANUEVA and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.